# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| FRANCISCO VILLANUEVA, #1868609,　　Plaintiff,　v.　LT. UNKNOWN LANDRUM, et al.,　　Defendants. | §§§§§§§§§§§§§　Case No. 6:21-cv-98-JDK-KNM |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Francisco Villanueva, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Before the Court is Defendants Jonathan Dodd, Kerry Landrum, and Cody Nations's motion for summary judgment on the issue of failure to exhaust administrative remedies. Docket No. 53. On August 30, 2022, the Magistrate Judge issued a Report recommending that the Court deny Defendants' motion without prejudice. Docket No. 56. Defendants filed written objections on September 13, 2022. Docket No. 58.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

1

record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Here, Defendants object primarily to the finding that Plaintiff satisfied the TDCJ's procedural requirements for exhausting administrative remedies. Docket No. 56 at 10–14. They argue that Plaintiff's failure to file a Step 2 grievance undermines this finding. But Defendants have not shown that a Step 2 grievance was required in this case. Plaintiff filed a Step 1 grievance on December 17, 2020. Docket No. 53-1 at 12–13. When Plaintiff had not received a response to his December 17 grievance by February 18, 2021—sixty-three days later—he submitted an I-60 to the grievance office asking that it be returned to him "most quickly." Docket No. 1 at 8. The grievance office's undated response indicated that it had not received a grievance from Plaintiff since October 12, 2020, effectively informing Plaintiff that he would receive no response to his Step 1 grievance. *Id.* Plaintiff filed the instant complaint on March 8, 2021. On April 9, 2021, TDCJ officials denied his December 17 grievance. Docket No. 53-1 at 12–13. Plaintiff timely submitted a Step 2 appeal of the denial of his Step 1, which was received by the appropriate officials and stamped with a response due date of May 25, 2021. Docket No. 53 at 10. TDCJ officials denied the grievance on June 11, 2021. *Id.* at 11.

Defendants argue that when Plaintiff did not receive a timely response to his Step 1 grievance, he was required to submit a Step 2 grievance to comply with the

TDCJ grievance procedures and exhaust his administrative remedies: "A prisoner must pursue a grievance through both steps to satisfy the exhaustion requirement and, only then, his administrative remedies are considered exhausted." Docket No. 58 at 3–4. There is no doubt that after a TDCJ inmate receives "an adverse decision at Step 1," he must submit a timely Step 2 grievance to exhaust his remedies. But that is not the issue in this case. Rather, the issue here is what TDCJ grievance procedures require when an inmate receives no response at all at Step 1.

The Magistrate Judge's Report acknowledges that when prison officials fail to respond at a "preliminary step" of the grievance process, such as a Step 1, more is likely required of the prisoner before he will be deemed to have exhausted his available remedies. Docket No. 56 at 11 (quoting *Carter v. Boyd*, No. 9:19-CV-163, 2022 WL 3146319, at *4 (E.D. Tex. June 15, 2022), *report and recommendation adopted*, No. 9:19-CV-163, 2022 WL 3141871 (E.D. Tex. Aug. 5, 2022)). But Defendants offer no evidence about exactly what TDCJ procedures require in that circumstance. The inmate handbook submitted by Defendants appears only to permit Step 2 grievances with the answered Step 1 response. Tex. Dep't Crim. Just., Offender Orientation Handbook at 74 (2017), https://www.tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf ("Step 2 appeals shall be accompanied by the original, answered Step 1."). And it suggests that the lack of a Step 1 response concerns the "effectiveness" of the grievance system that must be addressed via a letter or I-60. *Id.* at 75. And that is exactly what Plaintiff did here.

3

Without evidence to prove a Step 2 grievance was required here, Defendants rely on *Wilson v. Epps*, 776 F.3d 296 (5th Cir. 2015). In *Wilson*, the Fifth Circuit found that a Mississippi prisoner had not exhausted administrative remedies available through the Mississippi Department of Corrections because he failed to complete all three grievance steps after the prison failed to timely respond to his first–step grievance. *Id.* at 300–01. "[U]nder the terms of the Program," the court explained, the plaintiff could not "maintain a suit founded on any claim that he presented to the prison in only a step–one ARP, irrespective of whether the prison responded within the time allotted for rendering step-one responses." *Id.* at 301.

But the *Wilson* court relied on an express provision of the Mississippi DOC program allowing that "expiration of response time limits without receipt of a written response shall entitle the offender to move on to the next step in the process." *Id.* at 300 (quoting *Gates v. Cook*, 376 F.3d 323, 330 (5th Cir. 2004)). Defendants do not cite any similar provisions in the TDCJ's grievance procedures establishing that an inmate who does not receive a response to a Step 1 grievance is entitled to continue to Step 2. Rather, the TDCJ handbook requires that a Step 1 response be attached to a Step 2 grievance. *See Stewart v. Smith*, No. 5:17-cv-760, 2018 WL 3966280, at *5 (W.D. Tex. Aug. 17, 2018) (denying summary judgment on exhaustion where prisoner could not attach unreturned Step 1 grievance to Step 2 grievance as required by TDCJ policy).

Further, just five months after *Wilson*, the Fifth Circuit reversed a grant of summary judgment for TDCJ officials where the inmate had "filed a step-one

4

grievance with prison authorities but never received a response." *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015). The district court had improperly presumed that TDCJ grievance procedures required the prisoner to file a Step 2 grievance anyway. *See id.* But the court instructed in *Cantwell* that "[e]xhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them." *Id.* It observed that the grievance procedures relevant to the particular situation before it were "nowhere in the record because the defendants never introduced them as evidence" and concluded that the district court erred in granting summary judgment without the relevant evidence:

> Without knowing what the applicable grievance procedures say, it's impossible to determine whether Cantwell exhausted them. The defendants had the burden to establish that there were available procedures that Cantwell did not exhaust, and the district court erred in not holding them to it.

*Id. (internal citations omitted). See also id.* at 509 n.2 (explaining that *Wilson* turned on the specific Mississippi grievance procedures relevant to that case).

Exhaustion is an affirmative defense, and Defendants have the burden to "establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 216, (2007), and *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)). They have not done so in this case. *See Cantwell*, 788 F.3d at 509 ("The defendants had the burden to establish that there were available procedures that Cantwell did not exhaust, and the district court erred in not holding them to it."). Specifically, Defendants have failed to present evidence demonstrating that there is no genuine issue of material

5

fact concerning whether Plaintiff's efforts to exhaust his administrative remedies in this case complied with the TDCJ's procedural requirements applicable to his circumstance.

Having conducted a de novo review of the record in this case, the Magistrate Judge's Report, and Defendants' objections, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 56) as the opinion of the District Court. Defendants' motion for summary judgment (Docket No. 53) is **DENIED** without prejudice to Defendants' ability to seek the same relief upon submission of sufficient proof to establish that they are entitled to it.

So **ORDERED** and **SIGNED** this **18th** day of **October, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE